UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH O. WINDHAM and <br> MELANI D. WINDHAM <br><br> Plaintiffs, <br><br> v. <br><br> ASSURANCE COMPANY OF <br> AMERICA <br><br> Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. 03:08-CV-01643-B |

## MEMORANDUM ORDER

Before the Court is the Motion for Summary Judgment filed by Defendant Assurance Company of America ("Assurance"), seeking judgment in its favor on all of Plaintiffs' causes of action on the basis that the alleged failure to provide timely notice of the underlying lawsuit precludes coverage as a matter of law. (doc. 14). For the reasons stated below, the Motion is **GRANTED**.

## I.

## BACKGROUND[1]

This is an insurance coverage case. The parties dispute whether there is coverage under a Commercial General Liability ("CGL") policy issued by Assurance for a judgment against its Insured obtained in on underlying lawsuit. In the underlying lawsuit, the Windhams sued their general contractor, Krier, its Insured, for negligence and breach of warranty as a result of alleged construction

---

[1] All facts are taken from the Statement of Undisputed Material Facts presented by Assurance in its Motion. In their Response, the Windhams do not dispute the statement of facts. The Windhams simply state, "[a]lthough the semantics may be in dispute, Assurance's recitation of undisputed facts is substantially correct and Plaintiffs concur accordingly" and present no further facts in their Response.

deficiencies and other problems to their home. (Pl. Mot. For Summ. J., App. 006-019A.) Krier answered the underlying lawsuit and trial was set for September 25, 2006. (*Id.* at 020-021A, 022-029A, 030A.) On September 25, 2006, Plaintiffs appeared for trial in the underlying lawsuit, but Krier did not appear. (*Id.* at 031-032A.) The court orally rendered liability judgment for Plaintiffs in the form of an Interlocutory Partial Default Judgment. (*Id.*) On October 20, 2006, trial in the underlying lawsuit reconvened for a determination of damages following the Interlocutory Partial Default Judgment on liability, but again Krier did not appear. (*Id.* at 033-034A.) On November 2, 2006, the court entered Final Judgment, awarding actual and consequential damages to the Windhams in the amount of $198,581.25, reasonable and necessary attorneys' fees, post-judgment interest, and costs of appeal (*Id.* at 033-034A.) Krier appealed the Final Judgment by filing a Bill of Review, which was denied on April 26, 2007. (*Id.* at 035-044A, 044A.)

On or about February 1, 2008, Assurance received what it claims was its first notice of the underlying lawsuit when Plaintiffs made their demand for payment of the judgment on Assurance via a demand letter. (*Id.* at 045-046, 001-003A.) Assurance investigated the demand and determined that although it had issued the Policy to Krier which was in effect during the time period that Krier was doing construction work for the Windhams, Assurance did not find any indication that it had previously received notice of the underlying lawsuit from Krier or from the Windhams. (*Id.* at 001-003.) Therefore, by letter dated May 13, 2008, Assurance denied the demand, advising that because Assurance did not receive notice of the underlying lawsuit until after entry of default judgment, and until after the judgment became final and non-appealable, Assurance had no actual notice of the underlying lawsuit. (*Id.* at 080-082.) In the denial letter, Assurance asserted it was prejudiced and advised coverage to Plaintiffs was precluded as a matter of law. (*Id.*) Assurance also

reserved its other rights under the Policy. (*Id.*)

On August 7, 2008, the Windhams filed this suit against Assurance in the 298th Judicial District Court of Dallas County, Texas, seeking payment of the judgment against Krier under the CGL policy. (doc. 1.) Assurance removed the case to this Court on the basis of diversity jurisdiction. (*Id.*) On November 11, 2008, Plaintiffs served their Rule 26 Disclosures but did not attach any documents. (*Id.* at 083-086.) On January 7, 2009, counsel for Assurance received Plaintiffs' Production, responding to Assurance's December request for "prior demand letters." (*Id.* at 087-256.) One "prior demand letter" was included in Plaintiffs' Production dated January 3, 2008 ("January Demand Letter"). (*Id.*) Other than the January Demand Letter, no other prior demand letters were included in Plaintiffs' Production that were not already in Assurance's possession. (*Id.*) Assurance alleges that, to date, it has never received the alleged January Demand Letter. (*Id.* at 001-003.)

With regard to any notice requirement, the CGL policy states:

> 2. Duties in the Event of Occurrence, Claim or Suit.
>
>> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>>
>>> (2) How, when and where the "occurrence" or offense took place;
>>> (3) The names and addresses of any injured persons and witnesses; and
>>> (4) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>>
>> b. If a claim is made or "suit" is brought against any insured, you must:
>>
>>> (1) Immediately record the specifics of the claim or

>> "suit" and the date received; and
>
> (2) Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> c. You and any other involved insured must:
> (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit,"
>
> (2) Authorize us to obtain records and other information;
>
> (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit," and
>
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

(*Id.*, Policy, App. 058.) The Policy also states that "[n]o person or organization has a right under this Coverage Part . . . to sue us on this Coverage Part unless all of its terms have been fully complied with." (*Id.*) It is undisputed that Krier was the Insured under the Policy during the time the Windhams claim occurred. The Court now turns to the legal issues at hand.

## II.

## LEGAL STANDARDS

A.  **Summary Judgment Legal Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Id.* Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgement is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

**B.  CGL Coverage after Default Judgment**

Where a judgment creditor seeks coverage under a policy, the judgment creditor stands in the shoes of the insured. *SingleEntry.com, Inc. v. St. Paul Fire & Marine Ins. Co.*, 117 Fed. Appx. 933,

935 (5th Cir. 2004) (citing *State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 40 (Tex. 1998)). The judgment creditor must show that the insured complied with the conditions precedent and terms of the policy. *Id.*

When coverage is sought under a policy and a default judgment has been issued in the underlying suit, Texas law is clear that prejudice to the insurer occurs as a matter of law in the following scenarios:

> (1) when the insurer, without notice or actual knowledge of suit, receives notice after entry of default judgment against the insured; [and] . . .
>
> (2) when the insurer receives notice of a default judgment against its insured after the judgment has become final and nonappealable[.]

*St. Paul Guardian Ins. Co. v. Centrum G.S. Ltd.*, 383 F. Supp. 2d 891, 902–03 (N.D. Tex. 2003) (and Texas cases cited therein); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 174 (Tex. 1995) (holding that "[t]he failure to notify an insurer of a default judgment against its insured until after the judgment has become final and nonappealable prejudices the insurer as a matter of law"); *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 165–66 (Tex. 1993); *Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 466–67 (Tex. App.—Dallas 1991, no writ); *accord*, *Trumble Steel Erectors, Inc. v. Moss*, 304 Fed. Appx. 236, 239 (5th Cir. December 15, 2008). "Under such circumstances, Texas courts will hold that prejudice exists and that the insurer has no duty to defend or indemnify its insured." *St. Paul Guardian Ins. Co.*, 383 F.Supp.2d at 903. In such cases, it is reasonable to assume that had the insurer "known of the suit, it might have chosen to answer for [the insured] and litigate the merits of the underlying suit." *Cruz*, 883 S.W.2d at 166 .

## III.

## ANALYSIS

Assurance filed a Motion for Summary Judgment on all causes of action, arguing there is no coverage due to the lack of timely notice of the underlying lawsuit, resulting in prejudice as a matter of law, thereby relieving Assurance of any liability under the policy. (doc. 13.) The Windhams argue they are entitled to a "*de novo*" trial on coverage, including the underlying liability issues affecting coverage. The Court cannot agree with the position taken by the Windhams.

Taking all inferences favorable to the non-movant, the first notice of the lawsuit was on January 3, 2008.[2] *See Munoz*, 200 F.3d at 302. The Windhams have brought forth no evidence and made no argument indicating that notice was provided any earlier than January 2008. Under the Policy, Krier had the contractual obligation to provide notice to Assurance of the underlying lawsuit. As set forth above, the Policy's "Duties in the Event of Occurrence, Claim or Suit" provision requires that "you and any other involved insured must immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit." (Policy, App. 058.) Thus, because Krier never sent Assurance copies of any demands, notices, summonses, or legal papers in connection with the instant suit, Krier breached the Policy's notice requirement. Such failure to provide timely notice of the suit constitutes a lack of compliance with the notice provisions of the policy, and therefore, by the terms of the policy itself, Plaintiffs are precluded from suing Assurance for coverage under the policy. (Policy, App. 058.)

---

[2] Assurance claims this letter was not received. However, the Court will indulge all inferences in favor of the Windhams in its analysis and assume the January 2008 demand letter was received by Assurance, as the Windhams assert. *See Munoz*, 200 F.3d at 302; *Anderson*, 477 U.S. at 248.

Furthermore, it is undisputed that the underlying judgment was final and non-appealable at the time the first notice was sent in January 2008. Therefore, even if the demand letter had been received by Assurance in January 2008, it is well past the time when the judgment against the Insured became final and non-appealable. With notice of the underlying lawsuit occurring only after a default judgment on liability had become final and non-appealable, Assurance is prejudiced as a matter of law because Assurance was unable to defend the liability claims against its Insured. *See Cruz*, 883 S.W.2d at 166. Assurance argues that "at the time that Assurance received notice that an adverse default judgment had been entered against its insured in the Underlying Lawsuit, there was nothing Assurance legally could do to defend its insured, Krier, or otherwise participate in the resolution of the Plaintiffs' claims against Krier." (Def.'s Brief in Support of Mot. 8.) Because it couldn't participate in or affect the outcome of the lawsuit with regard to its insured, and is now precluded from even appealing that judgment of liability, Assurance is prejudiced as a matter of law. *See Harwell*, 896 S.W.2d at 174; *see also Trumble Steel Erectors, Inc.*, 304 Fed. Appx. at 239; *St. Paul Guardian Ins. Co.*, 383 F. Supp. 2d at 902–03.

Nonetheless, Plaintiffs argue that they are entitled to a *de novo* trial, seemingly one which would also entail a determination of liability so that then Assurance arguably would not be prejudiced. In making such an argument, Plaintiffs attempt to re-litigate issues of liability which have already been established as a matter of law by virtue of the default. In support of this novel argument, Plaintiffs cite cases for the proposition that coverage issues of defense and indemnity must be litigated separately from the determination of liability of the insured, and that coverage issues are often dependent on the facts and circumstances of the underlying claim itself. *See Lamar Homes, Inc. v. Mid-Continent Casualty Company*, 242 S.W.3d 1, 5 (Tex. 2007); *State Farm Fire & Cas. Co.*

*v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1968). However, Plaintiffs appear to interpret these basic tenets of insurance law as an entitlement to a "*de novo* trial" on liability in a coverage suit, even after liability has been established in a separate lawsuit by default judgment. However, the court finds no support in law for such an assertion. Plaintiffs cite no case law using the term "*de novo* trial," even though Plaintiffs use it extensively throughout their briefing as if it were a well-established tenet. The Court finds no Texas case law allowing a "*de novo* trial" on liability in a coverage suit.

In this case, it is clear from a review of the evidence, express terms of the policy, and well-established case law that notice of the underlying lawsuit was not given to Assurance "as soon as practicable," as required by the policy. *See St. Paul Guardian Ins. Co.*, 383 F. Supp. 2d at 902–03. Furthermore, the liability of the insured has already been established and Plaintiffs are not entitled to re-litigate the issue of liability in this case in an attempt to assuage the prejudice against Assurance. In this coverage case, the Court finds that the Windhams are not entitled to recover against Assurance under the policy as there has been no compliance with the notice provision of the policy and Assurance has been prejudiced as a matter of law. *See id.*; *Cruz*, 883 S.W.2d at 166. As such, the Court need not address the arguments with regard to the plaintiffs' alleged status as a beneficiary under the policy. Furthermore, finding no coverage, it follows that the claim for "bad faith denial of coverage" must fail as well.

## IV.

## CONCLUSION

The Court finds that neither the Insured nor the Plaintiffs provided notice of the underlying suit to Assurance until after the default judgment became final and non-appealable. Therefore, Assurance is under no obligation to provide coverage for the judgment against its Insured, by the

express terms of the policy and well-established Texas law.  Accordingly, Assurance's Motion for Summary Judgment is **GRANTED**.

    SO ORDERED.

    Dated: July 23, 2009

                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE